IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Katherine I. Thrash, | ) | |
| | ) | Civil No. 2:09-CV-978-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Wild Dunes Real Estate, LLC, | ) | **ORDER & OPINION** |
| WDR Phase One, LLC, | ) | |
| LDD Wild Dunes Manager, Inc., | ) | |
| Lowe Wild Dunes Investors, L.P., | ) | |
| Rhino Sales & Marketing, Inc. | ) | |
|   d/b/a "Blue Sky," and | ) | |
| Lowe Enterprises, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on plaintiff's motion to remand this case to the Charleston County Court of Common Pleas. For the reasons discussed below, the court grants plaintiff's motion.

## I. BACKGROUND

Plaintiff entered into purchase contracts with defendant WDR for two condominiums in April 2006. In December 2008, plaintiff brought this action in state court against defendants, alleging breach of contract, breach of contract with fraudulent act, fraud, and violation of the Interstate Land Sales Full Disclosure Act (15 U.S.C. §§ 1701, et. seq.) ("ILSFDA"). All defendants except Rhino, asserting federal question jurisdiction based upon plaintiff's ILSFDA claim, removed the case to this court on April

1

14, 2009.[1] Plaintiff's original counsel withdrew in June 2009, and the case stalled until plaintiff secured new counsel. On November 9, 2009, plaintiff's new counsel entered their appearance with the court and filed the instant motion to remand the case to state court. Plaintiff alleges that this case was improperly removed because ILSFDA, subject to a limited exception not applicable here, prohibits the removal of any actions arising under the statute which are originally brought in state court.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), any civil action brought in state court over which a federal district court has original jurisdiction may be removed to federal court, "*[e]xcept as otherwise expressly provided by Act of Congress*." (Emphasis added). In ILSFDA, Congress did expressly provide otherwise: "No case arising under this chapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States, except where the United States or any officer or employee of the United States in his official capacity is a party."[2] 15 U.S.C. § 1719; see Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 696 (2003) (citing above provision as example of "indisputable prohibition[] on removal"). Under 28 U.S.C. § 1447(c),

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . .

---

[1] Rhino filed its notice of consent to removal on April 16, 2009.

[2] Plaintiff's complaint does not name the United States or any officer or employee of the United States in his official capacity as a party.

Plaintiff did not file her motion to remand within thirty days of the notice of removal; thus, the question is whether the anti-removal provision strips the court of subject matter jurisdiction, or whether removal of the case in violation of the anti-removal provision constitutes a procedural defect that is waived if not raised within thirty days of removal.

No controlling Fourth Circuit law answers this question. Two district courts that have addressed the question have reached opposite conclusions. The United States District Court for the Northern District of Oklahoma held that "removal of a claim in violation of . . . 15 U.S.C. § 1719 constitutes a 'procedural' defect in removal rather than a 'jurisdictional' defect." Kirk Family Revocable Trust v. Flint Ridge Property Owners Ass'n, 2008 WL 5060209, at *2 (N.D. Okla. November 20, 2008). The court held that because the plaintiffs' motion to remand was filed almost 200 days following removal, the plaintiffs had waived any objection to removal based on ILSFDA's anti-removal provision. Id.

On the other end of the spectrum, the United States District Court for the Middle District of Florida reached the opposite conclusion and found that ILSFDA's anti-removal provision is jurisdictional.[3] Forte v. Home Dynamics Amberton, LLC, 2008 WL 215703, at *1 (M.D. Fla. January 24, 2008). The court began by noting that, in any given case, a federal district court must have at least one of three types of subject matter

---

[3] In Forte, the plaintiff did timely file his motion to remand, so the court did not address the thirty-day time limit to file such motions. Nevertheless, the court clearly held that ILSFDA's removal prohibition stripped it of subject matter jurisdiction.

jurisdiction: "(1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Id. (citing Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997)). The court then cited ILSFDA's anti-removal provision and noted that the "[p]laintiff initiated the instant action in state court, and has not named the United States or any officer or employee of the United States in his official capacity as a party to the suit." Id. The court then concluded,

> Therefore, insofar as Plaintiff's claims arise under ILSFDA, 15 U.S.C. § 1719 expressly prohibits removal. As the Court's review of the Amended Complaint discloses no additional basis for the exercise of federal question jurisdiction, the Court finds that the Court lacks jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

Id. Thus, the court conclusively determined that the anti-removal provision was jurisdictional, not procedural.

Recently, Judge Joseph Anderson had to reconcile ILSFDA's anti-removal provision with the Class Action Fairness Act's ("CAFA") provision that gives defendants the right to removal for qualifying class actions. Passarella v. Ginn Co., 637 F. Supp. 2d 352, 355 (D.S.C. 2009). Judge Anderson held that CAFA, the more recently enacted statute, "effects an implied repeal of the [ILSFDA]'s bar to removal, but only in the limited circumstance that [ILSFDA] claims appear in a class action." Id. Thus, while Judge Anderson's opinion discusses ILSFDA's anti-removal provision, it does not address the precise question at issue in this case.

Defendants point out that other courts have analyzed an anti-removal provision concerning workmen's compensation claims and ruled that removal in the face of that

provision constitutes a procedural defect, which can be waived if a motion to remand is not filed within thirty days of removal. Those cases deal with the following statutory prohibition on removal of state workmen's compensation claims: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). Several circuits have held that removal contrary to the section 1445 prohibition is a procedural defect that is waived in the absence of a timely motion to remand. See Vasquez v. North County Trans. District, 292 F.3d 1049, 1062 (9th Cir. 2002); Phillips v. Ford Motor Co., 83 F.3d 235, 236 n.3 (8th Cir. 1996); Williams v. AC Spark Plugs Div. of General Motors, 985 F.2d 783, 786-87 (5th Cir. 1993). Additionally, the Fourth Circuit, in an unpublished case, has held that the section 1445 removal bar is waived if not asserted in a timely motion to remand. Wiley v. United Parcel Service, 11 Fed. Appx. 176, 177 (4th Cir. 2001).

      Of course, the fact remains that none of these cases directly applies here because this case involves a different statute altogether. Therefore, this court addresses the instant issue as a matter of first impression in this circuit. The burden of establishing federal jurisdiction is placed upon the party seeking removal. Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921)). "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction." Id. (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)). If there is doubt as to the court's jurisdiction, a remand is in order. Id. (citations omitted).

The court begins by noting that the statute is anything but ambiguous when it comes to removal, as its plain language expressly and unequivocally prohibits removal in this case.[4] Moreover, the anti-removal provision appears in 15 U.S.C. § 1719, which has been described as "the *jurisdictional* statute." McCaffrey v. Diversified Land Co., Inc., 564 F.2d 1241, 1243 (9th Cir. 1977) (emphasis added). Indeed, 15 U.S.C. § 1719 is titled, "*Jurisdiction* of offenses and suits."[5] (Emphasis added).

Counsel for defendants candidly concede in their brief in opposition that they were uninformed regarding the anti-removal provision at the time the notice of removal was filed. Indeed, at the hearing on this motion, defendants' counsel admitted that the lawyer who filed the notice of removal had not read the statute and that, if he had, defendants "probably" would not have removed the case. Tr. 4. Thus, were the court to deny plaintiff's motion to remand, this case would remain in this court as a serendipitous result of deliberate ignorance.

That two federal district courts have reached opposite conclusions on this issue indicates that the answer is not clear. What is clear, however, is ILSFDA's explicit prohibition on removal in a case such as this one. The law requires this court to strictly construe removal jurisdiction, and in this case, that legal maxim requires a finding that the anti-removal provision is jurisdictional. At base, this court has serious doubts that

---

[4] "*No case arising under this chapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States*, except where the United States or any officer or employee of the United States in his official capacity is a party." 15 U.S.C. § 1719 (emphasis added).

[5] This is different than the 28 U.S.C. § 1445 anti-removal provisions, which are titled, "Nonremovable actions."

removal in a case such as this is merely a procedural defect, and when a court has a doubt as to its jurisdiction, a remand is in order. See Mulcahey, 29 F.3d at 151 ("If federal jurisdiction is doubtful, a remand is necessary.").

### III.  CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is **GRANTED**.  The case is **REMANDED** to the Charleston County Court of Common Pleas.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**April 19, 2010**
**Charleston, South Carolina**